FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOE K.,

                    Plaintiff,

     -vs-

MARTIN O'MALLEY, Commissioner of
Social Security, [1]

                    Defendant.

No.    1:23-CV-0244-WFN

ORDER GRANTING
PLAINTIFF'S MOTION

ECF Nos. 8, 10

Pending before the Court  are Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment.  ECF Nos. 8, 10.  Attorney Chad Hatfield represents Joe K. (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant).  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's motion, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff filed an application for benefits on September 10, 2020, later alleging disability since September 10, 2020.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Stewart Stallings held a hearing on November 1, 2022, and issued an unfavorable decision on December 21, 2022.  Tr. 18-32.

---

[1] This action was originally filed against Kilolo Kijakazi in her capacity as the acting Commissioner of Social Security. Martin O'Malley is substituted as the defendant because he is now the Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING
PLAINTIFF'S MOTION - 1

1    The Appeals Council denied review June 23, 2023.  Tr. 1-7.  Plaintiff appealed this final

2    decision of the Commissioner on August 24, 2023.  ECF No. 1.

3                                    **STANDARD OF REVIEW**

4        The ALJ is responsible for determining credibility, resolving conflicts in medical

5    testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

6    1995).   The ALJ's determinations of law are reviewed *de novo*, with deference to a

7    reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087

8    (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by

9    substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097

10   (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less

11   than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant

12   evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson

13   v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S.

14   197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the

15   Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan

16   v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence

17   supports the administrative findings, or if conflicting evidence supports a finding of either

18   disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812

19   F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial

20   evidence will be set aside if the proper legal standards were not applied in weighing the

21   evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839

22   F.2d 432, 433 (9th Cir. 1988).

23                              **SEQUENTIAL EVALUATION PROCESS**

24       The Commissioner has established a five-step sequential evaluation process for

25   determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); Bowen v.

26   Yuckert, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the

27   burden of establishing a prima facie case of disability. Tackett, 180 F.3d at 1098-1099.  This

28   burden is met once a claimant establishes that a physical or mental impairment prevents the

ORDER GRANTING
PLAINTIFF'S MOTION - 2

claimant from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the

burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other

work and (2) the claimant can perform other work that exists in significant numbers in the

national economy.  Beltran v. Astrue, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot

make an adjustment to other work in the national economy, the claimant will be found

disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On December 21, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. Tr. 18-32.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 10, the amended alleged onset date.  Tr. 21.

At step two, the ALJ determined Plaintiff had the following severe impairments: diabetes, obesity, a rib injury, depression, and somatoform disorder.  Tr. 21.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment.  Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following limitations:

> [T]he claimant can stand and/or walk for 4 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday.  He requires a sit stand option defined as a change from a standing position to a sitting position and vice versa approximately every 30 minutes for about 5 minutes while remaining at the workstation; sitting and standing at will would also be acceptable.  He can never use foot control operations and never climb ladders, ropes, or scaffolds. He can rarely climb ramps or stairs and rarely stoop with no crouching, kneeling, or crouching.  He can rarely reach overhead.  He can frequently handle, finger, and feel.  The claimant would need to avoid the use of moving or dangerous machinery and unprotected heights.  The claimant would need simple, routine, repetitive work at a reasoning level of 1 and 2.  He can have no

ORDER GRANTING
PLAINTIFF'S MOTION - 3

production pace or conveyor belt, (non-worker controlled pace) work.  He requires a predicable work environment.

Tr. 26.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 31.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 31-32.

The ALJ thus concluded Plaintiff has not been disabled since September 10, 2020, through the date of the decision.  Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complains; (C) whether the ALJ erred at step two; and (D) whether the ALJ erred at step five.  ECF No. 8 at 5.

## DISCUSSION

**A.    Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff argues the ALJ misevaluated the opinion of Ryan Agostinelli, PA-C.  ECF No. 8 at 8-13.  As discussed below, the Court agrees.

PA-C Agostinelli, Plaintiff's treating provider who also performed a consultative examination, opined that Plaintiff, as relevant here, had the ability to walk or stand for two hours and sit for four hours in an 8-hour workday.  Tr. 851.  The ALJ rejected these limitations, concluding, without any elaboration or citation to evidence in the record, "[t]he

ORDER GRANTING
PLAINTIFF'S MOTION - 4

record does not support" them.  Tr. 29.  This finding was legally deficient.  *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th. Cir. 1988)).  The Commissioner attempts to salvage the ALJ's finding by insisting the ALJ "thoughtfully analyzed" the opinion "in light of the record as a whole."  ECF No. 10 at 4.  However, the ALJ never connected his assessment of the opinion with any evidence in the record.  It is not the job of the reviewing court to comb the administrative record to find specific conflicts.  *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ thus erred by discounting PA-C Agostinelli's opinion.

**B.    Subjective Complaints**

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints.  ECF No. 8 at 15-18.  Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's response to treatment.  Tr. 27.  However, because the ALJ erred in evaluating the opinion of PA-C Agostinelli, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The Commissioner contends Plaintiff "engaged in activities that undermined his subjective complaints."  ECF No. 10 at 10-11.  However, the ALJ did not discount Plaintiff's

ORDER GRANTING
PLAINTIFF'S MOTION - 5

testimony on this basis.  *See* Tr. 27.  The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")).

The ALJ accordingly erred by discounting Plaintiff's testimony.

## SCOPE OF REMAND

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony.  Plaintiff contends the Court should remand for an immediate award of benefits.  ECF No. 12 at 20-21.  Such a remand should be granted only in a rare case and this is not such a case.  The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only helpful but necessary.  *See Brown Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reassess the step two finding – which was based on the ALJ's assessment of both the medical evidence and Plaintiff's testimony – and determine whether the RFC needs to be adjusted.  For this reason, the Court need not reach Plaintiff's remaining assignments of error.  *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinion of PA-C Agostinelli, reassess Plaintiff's testimony, reevaluate Plaintiff's allegations at step two, redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

ORDER GRANTING
PLAINTIFF'S MOTION - 6

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  Accordingly,

**IT IS ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, filed December 18, 2023, **ECF No. 8**, is **GRANTED**.

2.    Defendant's Motion for Summary Judgment, filed January 17, 2024, **ECF No. 10**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 4th day of April, 2024.

04-03-24

_____

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING
PLAINTIFF'S MOTION - 7